**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2022



**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

AMANDA C. CROUSHORE
Labor and Employment Law Division
Phone: (212) 356-4074
Fax: (212) 356-2438
Email: acrousho@law.nyc.gov

January 21, 2022

**By ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square,
New York, NY 10007

    Re:    <u>Kane, et al. v. de Blasio, et al., Dkt. 21 Civ. 7863 (Lead Case)</u>
             <u>Keil, et al. v. The City of New York, et al., Dkt. 21 Civ. 8773</u>

Dear Judge Caproni:

       I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel for the City of New York, attorneys for the Defendants in the above-referenced cases. I write on behalf of all parties in response to the Court's December 17, 2021 Order (Dkt. 93), the deadline for which was subsequently extended by Order dated January 5, 2022 (Dkt. 98), directing the parties to address six topics identified by the Court. Please find the parties' positions as to each topic below.

       1.    The status of the administrative proceedings before the Citywide Panel as to other DOE employees who have unsuccessfully sought religious exemptions. *See* Appendix, Second Circuit Opinion, 21-CV-7863, Dkt. 77 at 47.

<u>Plaintiffs' Position</u>: Plaintiffs have not received any discovery and cannot speak to the status of all DOE employees, but we inform the Court that many proposed class members have called and noted they were not given the opportunity for a "fresh review" by the Citywide Panel, and at least one has written and forwarded her summary denial after review by the Citywide Panel. *See, e.g.,* <u>Exhibit A</u>. Additionally, at least one DOE employee who submitted her appeal to the Citywide Panel was not asked for additional information. The Citywide Panel granted relief to

only one out of the 15 initial named plaintiffs and denied appeals filed by the others, which means, according to the Defendants' numbers, to date only one out of 581 such appeals were granted in the "Fresh Look" process.

Defendants' Position: The Citywide Panel has not yet rendered decisions regarding applications by any other DOE employees; it has only rendered decisions on the applications submitted by the named plaintiffs in this litigation. The deadline for employees seeking Citywide Panel review of their applications was December 3, 2021. Thereafter, on behalf of the Citywide Panel, DOE sent out requests for additional information, with responses to those requests due January 14, 2022. To date, 581 DOE employees (including the named plaintiffs) have submitted applications for Vaccine Mandate exemptions to the Citywide Panel. The Citywide Panel is currently reviewing those applications on a rolling basis along with appeals from other City agencies based on when they were filed. Plaintiffs' "Exhibit A" is not a decision by the Citywide Panel. Although it is difficult to tell given the redactions, it appears to be a decision from November 23, 2021 issued by DOE, which predates the Citywide Panel's review of any submissions by DOE employees.

2. A proposed briefing schedule on Plaintiffs' motion for class certification.

Plaintiffs' Position: Plaintiffs will likely need to move for class certification or in the alternative provisional class certification for purposes of seeking preliminary injunctive relief, depending on how the Second Circuit Motions Panel rules on Plaintiffs'/Appellants' pending motion in that Court. Plaintiffs do not consent to wait to file this motion until April, as Defendants suggest, and strenuously object to any order that would prohibit them from filing earlier if necessary. Thousands of employees were suspended under the unconstitutional religious exemption policy adopted by Defendants. They are in need of imminent injunctive relief. Without waiving any rights or consenting to stay this motion, Plaintiffs ask for leave to wait for the Motions Panel's Order and if necessary, determine a briefing schedule to propose to Defendants and/or the Court for further relief including class certification.

Defendants' Position: Defendants' position is that class certification briefing should take place after Defendants' anticipated motion to dismiss (*see* Dkts. 104, 105) is fully briefed and decided. Once it is appropriate to set a briefing schedule, Defendants request at least 14 days to respond to any motion for class certification filed by Plaintiffs, consistent with the Court's Local Rules. *See* SDNY Local Rule 6.1(b). Plaintiffs have already moved for injunctive relief more than once and lost; any renewed motion will be futile and should be denied outright. Defendants' proposal would advance the case toward consideration on the merits. A class should not be certified with respect to claims that do not survive Defendants' motion to dismiss.

3. Whether Defendants plan to challenge Plaintiffs' standing to pursue their as applied challenges, and if so, a proposed briefing schedule on the subject with Defendant filing the opening brief. *See* second Circuit Opinion at 25-26, n. 15; Order 21-CV-7863, Dkt. 60 at 1-2.

Defendants do not plan to challenge Plaintiffs' standing to pursue their as-applied challenges.

4. Whether either party is seeking a stay in discovery and if so, on what basis.

Plaintiffs' Position: Plaintiffs' request that general discovery be stayed pending the submission of an answer but that expedited discovery relevant to any time-sensitive matter can be applied for as need arises prior to the filing of an answer.

Defendants' Position: Defendants request that discovery be stayed pending resolution of Defendants' anticipated motion to dismiss the Amended Complaint.

5. Whether the parties believe a Rule 16 conference should be scheduled or whether there are any threshold issues to be resolved first.

Joint Position: The parties do not believe that a Rule 16 conference should be scheduled until after an answer is filed.

6. Any other information that the parties believe may assist the Court in advancing these cases to resolution.

Plaintiffs' Position: Plaintiffs' counsel has asked Defendants' counsel to waive the "no gainful employment" condition of the Leave-Without-Pay status that has been imposed upon unvaccinated employees, without regard to whether or not they have signed any consent to LWOP status ("Exhibit B"). Plaintiffs believe that this provision is unconstitutional and invalid, as it originated in an unlawful and unconstitutional order (the arbitrator's decision) and is unsupportable as a condition of engaging in the instant challenge and litigation. It creates pressure to violate religious beliefs while they are in litigation. Defendants have refused that request. Although they were asked to provide statistics to the Circuit Court, Defendants have not provided any definite numbers to the Circuit Court or to this court or (on information and belief) to any other court concerning (1) how many persons submitted administrative applications to DOE for religious exemption; how many such applications were granted and how many were denied; (2) how many appeals of initial religious exemption denials were submitted to the SAMS appeal panels and of those appeals, how many were granted and how many denied as of January 15, 2022; and (3) how many DOE employees whose initial religious exemption applications were denied have been terminated or placed on involuntary LWOP status as of January 15, 2022. Plaintiffs' counsel has been informed that the Defendants have stopped enforcing the requirement that DOE employees receive a "second shot" of two-shot vaccines; it would be useful to know how many DOE employees had not yet submitted proof of full vaccination as of January 15, 2022. Defendants have also learned through press reports that the DOE has requested that vaccinated teachers who were still currently infected with COVID-19, but who had been symptom free for 5 days, return to active in-classroom teaching, in order to alleviate the teacher shortage that has been caused by the combination of Omicron infections of fully vaccinated teachers and the refusal to permit unvaccinated employees to continue to work for DOE.

Defendants' Position:

Defendants do not believe that any of the information included in Plaintiffs' Position "may assist the Court in advancing these cases to resolution."

3

Defendants responded to Plaintiffs' request for a categorical waiver of the restriction on employment outside of the DOE while on leave by explaining that would violate the Chancellor's Regulation C-603, which has nothing to do with this case or the pandemic. As Defendants explained, pursuant to Chancellor's Regulation C-603:

> Except with the explicit, written approval of the Chancellor or the appropriate Superintendent or, in accordance with the specific terms and conditions of the grant of leave, no employee may engage in remunerative employment of any type or receive compensation, directly or indirectly, or enter into any agreement, express or implied, during the period of any type of leave of absence without pay, maternity leave, child care leave or sabbatical leave during periods of excused absence or leave of absence.

https://www.schools.nyc.gov/docs/default-source/default-document-library/c-603-8-1-2002-final-remediated-wcag2-0.

As Defendants further explained, in accordance with this provision, DOE has reviewed and continues to review individual requests from employees to engage in outside employment. DOE will not agree to unilaterally waive enforcement of this provision for Plaintiffs or other employees who were denied religious exemptions to the vaccination requirement. *See* Exhibit C.

Plaintiffs are also incorrect that Defendants have not responded to the Circuit Court's request for statistics. As shown in Exhibit D, Defendants provided a response on November 12, 2021.

The remainder of Plaintiffs' Position is both incorrect and irrelevant to any issue before this Court. DOE has not changed its requirement of full vaccination by its staff. All DOE COVID-related health and safety policies and protocols are consistent with CDC and New York State Department of Health guidelines.

>                           Respectfully submitted,
>
>                           */s/ Amanda Croushore*
>
>                           Assistant Corporation Counsel

Within three business days of the decision by the Second Circuit motions panel on Plaintiffs' appeal of the Undersigned's denial of their second request for a preliminary injunction (Order, Dkt. 90), the parties must file a joint letter with proposed next steps, including those related to any proposed motion for class certification. Any request by Plaintiffs to move for "provisional class certification for purposes of seeking preliminary injunctive relief," *see* Joint Letter, Dkt. 106 at 2, must include a discussion of the relevant legal authority for filing such a motion. *See also* Order, Dkt. 90 at 12-13 n.14.

Plaintiffs have also noted that they have asked Defense counsel (1) to waive the "no gainful employment" condition of the Leave-Without-Pay status imposed on unvaccinated employees; and (2) to provide statistics and other information on a number of issues. *See* Joint Letter at 3. Plaintiffs have not made any formal request for relief on those two issues to this Court. Accordingly, to the extent that Plaintiffs are asking for relief, that request is DENIED.

SO ORDERED.

*[Signature: Valerie Caproni]*

Date: January 24, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE