


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/27/2022



**HON. SYLVIA HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**LORA MINICUCCI**
Labor and Employment Law Division
Phone: (212) 356-2078
Fax: (212) 356-2438
Email: lminicuci@law.nyc.gov

May 27, 2022

**By ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square,
New York, NY 10007

      Re: Kane, et al. v. de Blasio, et al., 21 Civ. 7863 (VEC)
        Keil, et. al v. City of New York, et. al., 21 Civ. 8773 (VEC)

Dear Judge Caproni:

  I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants in this action. I write today to respectfully request leave to file a supplemental declaration as part of the record on Plaintiffs' third motion for a preliminary injunction. ECF dkt. 111. Defendants request this leave in order to respond to a new factual contention and legal argument raised for the first time in Plaintiffs' reply: that Plaintiffs have a "problem code" in their record based on their non-compliance with the Vaccination Mandate and that this code prevents them from obtaining employment outside the DOE. For the Court's convenience, annexed hereto as Exhibit A, is a copy of the declaration of Mallory O. Sullivan ("Sullivan Decl."), Deputy Director of the New York City Department of Education's Office of Employee Relations, which Defendants seek leave to file on the pending motion.

  Motions for leave to file a sur-reply "are subject to the sound discretion of the court." SEC v. Ripple Labs, 2022 U.S. Dist. LEXIS 21936 (S.D.N.Y. Feb. 3, 2022), citing Barbour v. Colvin, 993 F. Supp. 2d 284 (E.D.N.Y. 2014). When new evidence is submitted for the first time on reply, the district court should permit the nonmoving party to respond to that evidence prior to the disposition of the motion. Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 767 F. Supp. 1220 (S.D.N.Y. 1991) Here, for the first time on reply, Plaintiffs contend that "problem codes" preclude unvaccinated teachers from seeking employment in other school districts and that

this constitutes irreparable harm. See Solon Decl., ECF dkt. 162, and Pl. Memorandum of Law in Reply, ECF dkt. 160 at 10.  The Sullivan Decl. addresses specifically and solely that claim, and advises that DOE's coding system is for internal DOE use only, with all codes visible only to DOE Human Resources staff and that there are no problem codes for unvaccinated employees.  As such, any such DOE codes do not preclude Plaintiffs from employment with non-DOE schools.  Therefore, Plaintiffs' argument, advanced on reply, that "problems codes" result in irreparable harm is without merit.

I thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Lora Minicucci*

Assistant Corporation Counsel

Defendant's request to file the Sullivan Declaration (Dkt. 164-1) as a sur-reply is GRANTED. Defendant must file the Declaration by no later than **Tuesday, May 31, 2022**.  Any response to Defendant's sur-reply, not to exceed three double-spaced pages, is due no later than **Friday, June 3, 2022**.

SO ORDERED.

Date: May 27, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE