USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/03/2022

| GIBSON LAW FIRM, PLLC | NELSON MADDEN BLACK LLP |
|---|---|
| Sujata S. Gibson, Esq. | Barry Black, Esq. |
| 832 Hanshaw Rd. | 475 Park Ave. S., Suite 2800 |
| Ithaca, NY 14850 | New York, NY 10016 |

# MEMO ENDORSED

June 3, 2022

**By ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Michael Kane, et al. v. Bill de Blasio, et al.* 21-cv-7863 (VEC)
             *Matthew Keil, et al. v. The City of New York, et al.* 21-cv-8773 (VEC)

Dear Judge Caproni:

      Plaintiffs respectfully request leave to supplement the record in Plaintiffs' now fully briefed motion for a preliminary injunction. Courts may consider newly available evidence despite a matter having been fully briefed. *See, e.g.*, *Hanzlik v. Joseph*, No. 17 Civ. 6577 (AKH), 2018 U.S. Dist. LEXIS 84150 (S.D.N.Y. 2018). The decision to grant a motion for leave to supplement a motion is within a trial Court's discretion. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1194 (3d ed. 2020). *Cf. Datiz v. Int'l Recovery Assoc.*, No. 15-cv-3549 (DRH) (AKT), 2020 US Dist LEXIS 119882, at *17 (E.D.N.Y. 2020) (denying the motion because the evidence was not truly new but "a backdoor attempt to present additional case law and reargue the merits of the motion for attorneys' fees.")).

      Crucial new evidence has become available, relating to the "pink elephant" mechanism for individualized exemptions issue Plaintiffs have repeatedly flagged for this Court, and which Defendants have yet to oppose. Plaintiffs have argued, again and again, that the Citywide Panel's review process constitutes the archetypal "mechanism for individualized exemptions," and the City's silence has been deafening.

      We refer to the May 24, 2022, deposition of Eric Eichenholtz, Chief Assistant Corporation Counsel for Employment Policy and Litigation within the New York City Office of the Corporation Counsel. A true and correct copy of the transcript of this deposition and its one exhibit is annexed hereto as Exhibit A, which Plaintiffs now seek leave to file. Mr. Eichenholtz oversees the Law Department's Labor and Employment Law, Worker's Compensation and E-Discovery Divisions, and he provides legal advice and counsel to City agencies and officials in employment matters. Mr. Eichenholtz played a critical role in the formation of the Citywide Appeals Panel, provided consultation regarding the standards the Citywide Appeals Panel applied, and served on the Citywide Appeals Panel himself. Ex. A at 8:25-9:12; 13:21-14:6; 15:4-6, 13-22.

In the deposition, the following question was asked by counsel and answered by Mr. Eichenholtz:

> Question: Are the panelists . . . provided with one or more objective criteria which would determine whether an exemption request ought to be granted or denied by itself?
>
> Answer: No.

*Id.* at 271:16-20.  Mr. Eichenholtz repeatedly noted that each application was reviewed with specific scrutiny of the individual facts and circumstances.  Indeed, Mr. Eichenholtz used the word "individualized" no less than five times during the course of the deposition to make this very point. *Id*. at 101:4, 147:22, 148:20, 263:19, and 308:15.

The Second Circuit has held that "an exemption is not individualized simply because it contains express exceptions for objectively defined categories of persons." *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 288-89 (2d Cir. 2021). The Court held there that the existence of a medical exemption, to the exclusion of a religious exemption, does not create a mechanism for individualized exemptions because "[t]he medical exemption here does not 'invite' the government to decide which reasons for not complying with the policy are worthy of solicitude," but rather "provides for an objectively defined category of people to whom the vaccine requirement does not apply: employees who present a certification from a physician or certified nurse practitioner." *Id.* at 289. The Court noted that any discretion was placed in the hands of the medical professionals, not the government. "That physicians and nurse practitioners must use their medical judgment to determine whether a particular individual has a contraindication or precaution against receiving the vaccine does not render the exemption discretionary." *Id.*[1]  In sum, those with a doctor's note were exempted; those without were denied.  Such is the case when there are objective criteria and no discretion at all on the part of the government.

Here, however, Eichenholtz makes it abundantly clear that there *are no objective criteria* upon which to either grant or deny an application.  Government here is concededly engaged in nothing but unfettered discretion. The members of the Citywide Panel were not checking for the existence of a doctor's note. Eichenholtz testifies that the "determinations are based on the balancing of a variety of factors, and [required] understanding the particular factors that may have been at play in any particular case because **these determinations truly are individualized**." Ex. A at 326:8-15.

Should Defendants oppose this application, Plaintiffs respectfully remind the Court that it was Defendants who argued repeatedly to the Second Circuit that Plaintiffs had information—the reasons for the denials, submitted to defense counsel *after* the motion had been fully briefed—which Plaintiffs simply did not place before this Court.  ECF No. 120-3 at 36:9-13; 2d Cir., 21-3043, ECF No. 41 at 22-25; 2d Cir, 21-3043, ECF No. 143 at 28-35. And the Second Circuit's Motions Panel and Merits Panel both agreed that Plaintiffs should have put the information before this Court, despite the motion having been fully briefed. 2d Cir., 21-3043, ECF No. 90 at 4 (2d Cir. Feb. 3, 2022); 2d Cir., 21-3043, ECF No. 163 at 5-8 (2d Cir. Mar. 3, 2022). Defendants even argued before the Merits Panel that it should deny Plaintiffs' appeal because Plaintiffs did not supply this Court with the summaries, *which Defendants produced after the motion had been fully briefed*. ECF No. 120-3 at 36:9-13

Eager to have *all* available facts before this Court, Plaintiffs did not oppose Defendants' motion

---

[1] Plaintiffs respectfully assert that the Second Circuit's holding in *We the Patriots* unduly narrows the rule of law set forth in *Smith*, *Fulton*, and *Newsom*.  Nonetheless, Plaintiffs would prevail even under this narrow holding.

for leave to file a surreply. Unfortunately, the same Defendants have declined to consent to the introduction of the Eichenholtz Deposition in this action. Plaintiffs, on the other hand, would welcome a comprehensive response by Defendants to Plaintiffs' proposed submission.

Plaintiffs respectfully pray for leave to supplement the record with the transcript of the May 24, 2022, deposition of Eric Eichenholtz.

Respectfully Submitted,

/s/ *Sujata S. Gibson*  
Counsel for Plaintiffs

/s/ *Barry Black*  
Counsel for Plaintiffs

cc: Counsel of Record (via ECF)

---

Defendants' letter response to Plaintiffs' request, not to exceed two pages, is due no later than **Thursday, June 9, 2022**.

SO ORDERED.

*Valerie Caproni*    Date: June 3, 2022

HON. VALERIE CAPRONI  
UNITED STATES DISTRICT JUDGE