| | |
|---|---|
| **GIBSON LAW FIRM, PLLC** | **NELSON MADDEN BLACK LLP** |
| Sujata S. Gibson, Esq. | Jonathan R. Nelson, Esq. |
| 832 Hanshaw Rd. | 475 Park Ave. S, Suite 2800 |
| Ithaca, NY 14850 | New York, NY 10016 |

June 21, 2022

**By ECF**

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Kane, et al., v. Bill de Blasio, et al.*, No. 21 Civ. 7863
*Keil, et al., v. The City of New York, et al.*, No. 21 Civ. 8773

Dear Judge Buchwald:

*Kane* and *Keil* Plaintiffs respectfully submit this letter motion in response to Your Honor's June 15 Order denying reassignment of this case to another judge, and renew and reargue their earlier motion, which is fully incorporated herein.

As noted in our June 14 application, both Judge Caproni and Judge Ramos *granted* Plaintiffs' applications for reassignment. Each of those applications was based on the most recent data available, which Your Honor has called "outdated information."

In order to prevent the appearance of impartiality by this Court, Plaintiffs respectfully seek clarity on the status of Your Honor's investments in Pfizer, Johnson & Johnson and any other stocks or investments in companies that produce or manufacture one or more of the available COVID vaccines. If, for example, there are financial disclosures more current than those that Plaintiffs attached, showing up to $250,000 in Pfizer stock and $100,000 in Johnson & Johnson, Plaintiffs respectfully ask that the Court disclose those, and any other information related to the date and details of any sales. This would go a long way in preventing the appearance of impropriety by this Honorable Court.

Without more information, the Court's decision to deny Plaintiffs' application because "[t]he application is based on outdated information" is likely to lead the reasonable observer to wonder why the Court left unanswered the question of financial interest in the outcome of the case, arguably heightening the conflict.

It is important to note that conflict of interest involves not *actual* wrongdoing but the *appearance* of wrongdoing.

There can be no disagreement about what § 455 says: "Any ... judge ... shall disqualify himself in any proceeding in which his impartiality *might* reasonably be questioned." In addition to

---

*[Stamped order overlay:]*

While this Court is of the view that no clarification of its prior ruling is necessary or warranted, this Court did not own stock in any of the companies which were the predicate of the June 14, 2022 motion to disqualify on the date that the cases were assigned to this Court. Accordingly, your motion to reargue is denied.

SO ORDERED.

*/s/ Naomi Reice Buchwald*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
June 22, 2022

the plain meaning of the statute, the legislative history shows that disqualification is required when there is "any reasonable factual basis for doubting the judge's impartiality." any reasonable factual basis for doubting the judge's impartiality." *Potashnick v. Port City Constr. Co.*, 609 F2d 1101, 1111 (5th Cir. 1980) (quoting 1974 U.S. CODE CONG. & ADMIN. NEWS, 6351, 6354-55).

Nevertheless, there is a tendency for some judges and commentators – and particularly for advocates opposing disqualification – to slip away from the statutory language, turning "might" into "could" or "would."

MONROE H. FREEDMAN AND ABBE SMITH, *Understanding Lawyers' Ethics, Third Edition,* at 242 (2004).

The Court's cryptic denial, with no reference to whether the Court actually has a financial interest in this case's outcome might lead a reasonable observer to question this Court's partiality.

If Your Honor still has any stocks in Pfizer, Johnson & Johnson, Moderna or any of the partners who manufacture their vaccines, Plaintiffs respectfully renew the motion that Your Honor disqualify herself, as the other conflicted judges have done. In that event, to avoid further delay and any additional motions, Plaintiffs respectfully ask that Your Honor direct the clerk of the court to assign the case to a judge who does not have a conflict. We have attached a list of the judges who disclosed conflicts on their most recent publicly available financial disclosures. In light of this case's history of having been assigned to four judges with the same apparent serious financial conflict, we respectfully ask that the Court reassign the case only after confirming that the judge in question has no current holdings in any COVID vaccine manufacturer or producer stock as of 2020. For the Court's convenience, we attach hereto **Exhibit 1**, which classifies Southern District of New York District Court Judges with and without ownership of Pfizer, Moderna or Johnson & Johnson stocks.

Accordingly, we most respectfully ask Your Honor to either clarify the June 15 Order by certifying that Your Honor has no financial interest in any of the pharmaceutical companies relevant to the COVID-19 vaccines or to reassign the case to a judge who has no such financial conflict.

Respectfully submitted,

/s/ Jonathan R. Nelson    /s/ Sujata S. Gibson
Counsel for Keil Plaintiffs    Counsel for Kane Plaintiffs

cc:  All counsel via ECF